UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICKEY DALE CORDELL,

    Petitioner,

v.

CASE NO. 5:07-CV-10830
HONORABLE JOHN CORBETT O'MEARA
UNITED STATES DISTRICT JUDGE

MILLICENT WARREN,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Mickey Dale Cordell, ("Petitioner"), presently confined at the Kinross Correctional Facility in Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for two counts of first degree criminal sexual conduct, M.C.L.A. 750.520b(1)(b)(ii). For the reasons stated below, the application for writ of habeas corpus is **DENIED**.

### I. Background

Petitioner was convicted of engaging in various forms of sexual intercourse with his thirteen year old granddaughter. Petitioner's conviction was affirmed on appeal, but his case was remanded for re-sentencing. *People v. Cordell,* No. 249020 (Mich.Ct.App. September 28, 2004); *after rem.* No. 260398 (Mich.Ct.App. July 11, 2006); *lv. den.* 477

1

Mich. 944; 723 N.W. 2d 891 (2006). [1] Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

> I. Petitioner was denied a fair trial where the prosecutor made remarks during closing arguments that denigrated the integrity of defense counsel.
>
> II. Petitioner was denied a fair trial where the trial court failed to instruct the jury on the proper use and effect of complainant's prior inconsistent statements.
>
> III. Petitioner's due process rights were violated when the trial court did not score Offense Variable 11 correctly
>
> IV. Petitioner's due process rights were violated when the trial court did not score Offense Variable 13 correctly.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a

---

[1] Petitioner was originally sentenced to one hundred and eighty to three hundred months in prison. On remand, petitioner's minimum sentence was reduced to one hundred and thirty five months.

question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

**A. Claims # 1 and # 2. The procedurally defaulted claims.**

The Court will discuss petitioner's first and second procedurally defaulted claims together for judicial clarity.

Petitioner first claims that he was deprived of a fair trial because of prosecutorial misconduct. Respondent contends that petitioner's prosecutorial misconduct claim is procedurally defaulted because petitioner failed to preserve the issue by objecting at trial and as a result, the Michigan Court of Appeals reviewed the claim for plain error only. *See Cordell,* Slip. Op. at * 2.

In his second claim, petitioner contends that he was denied a fair trial because the trial court failed to instruct the jury on the proper use and effect of the victim's prior inconsistent statements. Respondent contends that this claim is procedurally defaulted because petitioner did not object to the jury instructions as given and further expressed satisfaction with the instructions that were given by the court. The Michigan Court of

3

Appeals, in fact, rejected petitioner's instructional error claim, finding that petitioner had waived any objection to the jury instructions as given. *See Cordell,* Slip. Op. at * 4.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In this case, the Michigan Court of Appeals clearly indicated that by failing to object at trial, Petitioner had not preserved his prosecutorial misconduct claim. The fact that the Michigan Court of Appeals engaged in plain error review of Petitioner's

4

prosecutorial misconduct claim does not constitute a waiver of the state procedural default. *Girts v. Yanai,* 501 F. 3d 743, 755 (6th Cir. 2007)*; Seymour v. Walker,* 224 F. 3d 542, 557 (6th Cir. 2000). Instead, this Court should view the Michigan Court of Appeals' review of petitioner's prosecutorial misconduct claim for plain error as enforcement of the procedural default. *Hinkle v. Randle,* 271 F. 3d 239, 244 (6th Cir. 2001). Petitioner's prosecutorial misconduct claim is procedurally defaulted.

Regarding petitioner's instructional error claim, the Michigan Court of Appeals found that the issue was waived because petitioner and his counsel had expressed satisfaction with the instructions as given. Where a defendant's attorney expresses satisfaction with the trial court's handling of the matter, as was the case here, the claim of error regarding the issue is waived for appellate review. *See People v. Carter,* 462 Mich. 206, 219; 612 N.W. 2d 144 (2000). Because the Michigan Court of Appeals relied on the parties' expression of approval of the jury instructions as given to reject petitioner's instructional error claim, petitioner's second claim is procedurally defaulted. *See McKissic v. Birkett,* 200 Fed. Appx. 463, 471 (6th Cir. 2006); *cert. den.* 127 S.Ct. 1483 (2007).

In the present case, Petitioner has failed to allege any reasons to excuse his procedural default. Because Petitioner has not alleged or demonstrated any cause for his procedural default, it is unnecessary to reach the prejudice issue regarding these first two claims. *Smith*, 477 U.S. at 533; *See also Isabell v. Curtis,* 36 Fed. Appx. 785, 788 (6th Cir. 2002); *Payne v. Smith,* 207 F. Supp. 2d 627, 638-39 (E.D. Mich. 2002); *Bell v.*

5

*Smith,* 114 F. Supp. 2d 633, 638 (E.D. Mich. 2000).

Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider the prosecutorial misconduct and instructional error claims as grounds for a writ of habeas corpus in spite of the procedural default. Because petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review petitioner's prosecutorial misconduct and instructional error claims on the merits. *See Payne,* 207 F. Supp. 2d at 639. Petitioner's first and second claims are procedurally defaulted.

**B. Claims # 3 and # 4. The sentencing claims.**

Petitioner lastly contends that the trial court incorrectly scored several of the offense variables of the Michigan Sentencing Guidelines in fashioning his sentence which had not been proven beyond a reasonable doubt before a jury.

At the outset, this Court notes that petitioner's sentence of one hundred and thirty five to three hundred months in prison was within the statutory maximum set under Michigan's first-degree criminal sexual conduct statute. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000). Generally, federal habeas review of a state court sentence ends once the court makes a determination that the sentence is within the limitation set by statute. *See*

6

*Allen v. Stovall*, 156 F. Supp. 2d 791, 795 (E.D. Mich. 2001).

Petitioner's claim that the state trial court incorrectly scored his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See McPhail v. Renico,* 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005). Petitioner's claim that several of the offense variables of the Michigan Sentencing Guidelines were incorrectly scored fails to state a claim upon which habeas relief can be granted. *Id.*

Petitioner further appears to argue that in scoring the sentencing guidelines range, the trial court violated the Supreme Court's holding in *Blakely v. Washington,* 542 U.S. 296 (2004), where the Supreme Court held that other than the fact of a defendant's prior conviction, any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt.

The problem with petitioner's reliance on *Blakely* is that the case in *Blakely* involved a trial court's departure from Washington's determinate sentencing scheme. Michigan, by contrast, has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum sentence. The decision in *Blakely* has no application to petitioner's sentence. Indeterminate sentencing schemes, unlike determinate sentencing schemes, do not infringe on the province of the jury. *See Blakely*,

7

542 U.S. at 304-05, 308-09. Because *Blakely* does not apply to indeterminate sentencing schemes like the one used in Michigan, the trial court's calculation of petitioner's sentencing guidelines range did not violate petitioner's Sixth Amendment rights. *See Tironi v. Birkett*, 2007 WL 3226198, * 1-2 (6th Cir. October 26, 2007). [2]

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the

---

[2] Indeed, every judge in the Eastern District of Michigan that has considered the issue has also rejected *Blakely* challenges to the scoring of the Michigan Sentencing Guidelines on this basis. See *Delavern v. Harry,* No. 2007 WL 2652603, * 4 (E.D. Mich. September 7, 2007)(Rosen, J.); *Brown v. Bell,* No. 2007 WL 2516933, * 2 (E.D. Mich. August 31, 2007)(Cohn, J.); *Anderson v. Lafler,* No. 2007 WL 2480549, * 4 (E.D. Mich. August 29, 2007)(Borman, J.); *Couch v. Prelesnik,* No. 2007 WL 2413090, * 6 (E.D. Mich. August 21, 2007)(Friedman, J.); *Morgan v. Birkett,* 2007 WL 2318751, * 2 (E.D. Mich. August 9, 2007)(Hood, J.); *Moffett v. Davis,* No. 2007 WL 2225875, * 4 (E.D. Mich. August 1, 2007)(Roberts, J.); *Logan v. Booker,* No. 2007 WL 2225887, * 6 (E.D. Mich. August 1, 2007)(Duggan, J.); *Djoumessi v. Wolfenbarger,* No. 2007 WL 2021837, * 17-18 (E.D. Mich. July 12, 2007)(Tarnow, J.); *Carattoni v. Stovall,* No. 2007 WL 1976459, * 3-4 (E.D. Mich. July 3, 2007)(Steeh, J.)*;Jackson v. Curtin,* No. 2007 WL 1675296, * 3 (E.D. Mich. June 11, 2007)(Edmunds, J.)*;Davis v. Lafler,* No. 2007 WL 1582221, * 13-14 (E.D. Mich. May 31, 2007)(O'Meara, J.); *Coffel v. Stovall,* No. 2007 WL 1452918, * 3-4 (E.D.Mich. May 15, 2007)(Ludington, J.)*;.Conner v. Romanowski,* No. 2007 WL 1345066, * 4-6 (E.D. Mich. May 4, 2007)(Battani, J.); *Hall v. Lafler,* No. 2007 WL 1017036, * 5 (E.D.Mich. April 2, 2007)(Zatkoff, J.); *Bell v. Booker, No.* 2007 WL 869169, * 2-3 (E.D.Mich. March 22, 2007)(Taylor,J.)

8

district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* A district court has the power to deny a certificate of appealability *sua sponte. Allen,* 156 F. Supp. 2d at 798.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to any of the claims. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen,* 156 F. Supp. 2d at 798.

### V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

9

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

                                                  s/John Corbett O'Meara
                                                  United States District Judge

Date: December 5, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 5, 2007, by electronic and/or ordinary mail.

                                                  s/William Barkholz
                                                Case Manager